UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY SHAW and THOMAS MCCARTHY, on behalf of themselves and all others similarly situated, | NO. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | <u>DEMAND FOR JURY TRIAL</u> |
| COSTCO WHOLESALE CORPORATION, a Washington corporation; and SCHELL & KAMPETER, INC. d/b/a/ DIAMOND PET FOODS INC., | |
| Defendants. | |

Plaintiffs Bradley Shaw and Thomas McCarthy ("Plaintiffs"), acting on behalf of themselves and all others similarly situated ("Class Members"), bring this action for damages and equitable relief against Costco Wholesale Corporation and Schell and Kampeter, Inc. d/b/a Diamond Pet Foods Inc. ("Defendants").

### I.  NATURE OF THE CASE

1.     Pet owners take the health and well-being of their dogs seriously. Accordingly, when purchasing dog foods, an important consideration for many consumers, including

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Plaintiffs and Class Members, is the quality of the food that they eat. These consumers are

2   willing to pay more for a top-quality dog food that excludes certain ingredients (often used as

3   cheap fillers) that are suspected to cause allergic reactions or that lead to other health problems

4   in dogs. For example, dogs can—and often do—have allergic reactions to certain foods,

5   including those that contain wheat. Although not every dog has an allergic reaction to these

6   ingredients, consumers like Plaintiffs and Class Members choose to pay more upfront than run

7   the risk of veterinary bills.

8       2.    Plaintiffs and consumers willingly pay a premium for limited ingredient pet

9   foods—like Defendants' Kirkland Nature's Domain "Turkey Meal & Sweet Potato Formula for

10  Dogs" and Kirkland Nature's Domain Puppy "Chicken and Pea Formula" (collectively "Kirkland

11  Products") purport to be—for the health and well-being of their pets.

12      3.    Defendants' dog foods purport to be "grain free" and formulated using specific,

13  limited ingredients. But, in reality, they contain wheat and other unlisted ingredients.

14      4.    Defendants' omissions are material to consumers. Consumers—including

15  Plaintiffs—purchase Kirkland Products because Defendants represent that the products actually

16  include only limited ingredients, are specifically formulated for the health needs of dogs, that

17  the Kirkland Products meet Defendants' own ingredient promises and warranties, and that the

18  Kirkland Products adhere to quality and manufacturing standards. If Defendants disclosed the

19  material facts concerning these products, including that the supposed "grain free" products

20  contained wheat and other foods, consumers like Plaintiffs would not have purchased

21  Defendants' pet foods or not paid as much money for them.

22  **II.  PARTIES**

23      5.    Plaintiff Bradley Shaw is a citizen of Washington residing in Vancouver, Clark

24  County.

25      6.    Plaintiff Thomas McCarthy is a citizen of New York residing in Brewster, Putnam

26  County.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.      Defendant Costco Wholesale Corporation ('Costco") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 999 Lake Drive, Issaquah, WA 98027.

8.      Defendant Schell & Kampeter, Inc. d/b/a as Diamond Pet Foods, Inc. ("Diamond") is a for-profit corporation, organized and existing under the laws of the State of Missouri. Diamond has its principal office in Meta, Missouri. Diamond designs, processes, and manufactures the Kirkland Products, which are sold at Costco Wholesale stores across the United States under the "Kirkland" brand name.

### III.  JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from each of the Defendant.

10.     The Court may exercise subject matter jurisdiction over Costco because its principal place of business is located in Issaquah, Washington, which is in this District, and it is registered to conduct business in Washington.

11.     The Court may exercise subject matter jurisdiction over Diamond because it has sufficient minimum contacts with Washington to be subject to the Court's personal jurisdiction. Diamond is registered to conduct business in Washington and intentionally avails itself of the markets within Washington through the promotion, sale, marketing, and distribution of the Kirkland Products and numerous other products.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Costco's principal place of business is in this District.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**IV.  FACTUAL ALLEGATIONS**

**A.      Plaintiff Bradley Shaw.**

13.      Plaintiff Shaw purchased the Kirkland Products quarterly in 2019 for his puppy. Specifically, Plaintiff Shaw purchased the Kirkland Nature's Domain Puppy Chicken and Pea Formula.

14.      Plaintiff Shaw most often purchased the Kirkland Products from Costco locations in Vancouver, Washington. Specifically, Plaintiff Shaw purchased the Kirkland Products at the E. Vancouver Costco Warehouse located at 6720 NE 84th Street, Vancouver, WA 98665.

15.      Plaintiff Shaw reviewed the packaging of the Kirkland Products, including the claim that the food was "grain free," when deciding which food to purchase.

16.      Although the Kirkland Products were more expensive than other choices Plaintiff Shaw viewed, he chose to pay the premium price based upon the "limited ingredient" promises made by Defendants.

17.      If Defendants had disclosed that these foods contain unlisted ingredients including wheat, Plaintiff Shaw would not have paid a premium price for the pet food.

18.      Defendants' factual representations about the ingredients in the Kirkland Products dog food were material to Plaintiff Shaw's purchasing decision, including those representations on the product label. The representations all indicate that the Kirkland Products are "grain free." The labels did not disclose the material facts that this dog food contains wheat.

19.      Plaintiff Shaw quit purchasing the Kirkland Products after his puppy tragically passed away in late 2019.

20.      Plaintiff Shaw did not receive the benefit of his bargain when he purchased the Kirkland Limited Ingredient Diet products because the products failed to disclose that they included ingredients that did not conform to the packaging representations and to the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  warranties made by Defendants. Had this information not been omitted, he would have either

2  not purchased the Kirkland Products or would have paid less for them.

3      21.    If Defendants would conform the Kirkland Products to the claims and promises

4  made about ingredients on their packaging, Plaintiff Shaw would be willing and likely to

5  purchase the Kirkland Products in the future if he were to get another dog.

6  **B.     Plaintiff Thomas McCarthy.**

7      22.    Plaintiff McCarthy purchased the Kirkland Products in 2018 and 2019 to feed to

8  his dog. Specifically, Plaintiff McCarthy purchased the Kirkland Nature's Domain Chicken and

9  Pea Formula for Dogs.

10      23.    Plaintiff McCarthy most often purchased the Kirkland Products from a local

11  Costco Wholesale in Patterson, New York. Plaintiff McCarthy always purchased a 20-pound bag

12  and purchased a bag once per month.

13      24.    Plaintiff McCarthy reviewed the packaging of the Kirkland Products, including the

14  claim that the food was "grain free," when deciding which food to purchase.

15      25.    Although the Kirkland Products were more expensive than other choices he

16  viewed, he chose to pay the premium price based upon the "limited ingredient" promises made

17  by Defendants.

18      26.    If Defendants had disclosed that these foods contain unlisted ingredients

19  including wheat, Plaintiff McCarthy would not have paid a premium price for the pet food.

20      27.    Defendants' factual representations about the ingredients in the Kirkland

21  Products dog food were material to Plaintiff McCarthy's purchasing decision, including those

22  representations on the product label. The representations all indicate that the Kirkland

23  Products are Products and are "grain free." The labels did not disclose the material facts that

24  this dog food contains wheat.

25      28.    When Plaintiff McCarthy learned that Defendants mislabeled their products, he

26  stopped purchasing the Kirkland Limited Ingredient Diet products.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

29.     Plaintiff McCarthy did not receive the benefit of his bargain when he purchased the Kirkland Limited Ingredient Diet products because the products failed to disclose that they included ingredients that did not conform to the packaging representations and warranties made by Defendants. Had this information not been omitted, he would have either not purchased the Kirkland Products or would have paid less for it.

C.     **Defendants' Omissions and Material Misrepresentations.**

30.     Pet foods vary in their quality of ingredients, formula, manufacturing processes, and inspection quality. Pet owners who purchase "grain free" and "limited ingredient" products pay a premium in order to alleviate their pets' allergies or to provide various health benefits associated with a grain free or limited ingredient diet. Notably, food allergies are more common among certain dog breeds than others.

31.     In addition, pet owners including the Plaintiffs and Class, are willing to pay a premium for dog food with premium ingredients and expect the products that are advertised in this manner to conform to the ingredients listed on the packaging.

32.     If these products disclosed the truth—that they can contain wheat or other ingredients that are different from or beyond those that are listed—then these pet owners would no longer pay such a premium

33.     Accordingly, Defendants' omissions and misrepresentations regarding the ingredients in the Kirkland Products are material to consumers who purchase this product, passing over products that cost less but do not claim to be made from select, premium ingredients.

34.     Defendants understand the importance of not having ingredients that cause allergic reactions or adverse reactions and of limiting the overall number of ingredients.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Defendant Costco unequivocally states on its website "Grain-free: This formula provides your

2   special pet with optimal nutrition for overall good health."[1]

3       35.     Upon information and belief, Costco and Diamond both participate equally in the

4   decisions related to product ingredients, product testing, labels, packaging and advertising.

5       36.     Upon information and belief, Costco and Diamond both participate equally in

6   making sure the packaging on the Kirkland Products states "Grain Free".

7       37.     Upon information and belief, Costco and Diamond both derive the front and back

8   of the labeling of the Kirkland Products that states they are "Grain Free".

9       38.     The front and back of the Kirkland Products dog food bags include numerous

10  representations of the Defendants that are materially misleading and fail to disclose material

11  information about the food products included within. Images of the front and back of the bags

12  are reproduced below:

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [1]https://www.costco.com/kirkland-signature-nature%27s-domain-turkey-meal-and-sweet-potato-dog-

27  food-35-lb..product.100343435.html (last visited September, 15, 2020).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

Kirkland Nature's Domain Puppy Chicken & Pea Formula[2]

2

3

4

5

6

7

8

9

10

11

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

<hr>

[2]https://www.amazon.com/Kirkland-Signature-Natures-Formula-Chicken/dp/B07PS9LWG8 (last visited
September 15, 2020).

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23





[3]

24
25
26
27

[3]https://www.ebay.com/itm/193642527519?chn=ps&norover=1&mkevt=1&mkrid=711-117182-372900&mkcid=2&itemid=193642527519&targetid=935083617787&device=c&mktype=&googleloc=9061285&poi=&campaignid=10877432047&mkgroupid=112821775411&rlsatarget=pla-935083617787&abcId=9300402&merchantid=6296724&gclid=CjwKCAjwzIH7BRAbEiwAoDxxTn1cxzA2IysyRMvlS69I3D90NydTtLlKaSbWmN1U9hTkIgaW9yuO1xoCenEQAvD_BwE.

CLASS ACTION COMPLAINT - 9

Kirkland Nature's Domain Turkey Meal & Sweet Potato Formula for Dogs[4]





39.     The representations that the Kirkland Products "Grain Free" on the front and back of every bag. Further, the ingredients are listed on the back of the bag.

40.     Wheat is not listed as an ingredient on the Kirkland Products' ingredient list on the back of the bag or anywhere else on the products' bags.

---

[4] https://www.amazon.com/Kirklans-Signature-NatureS-Domain-Turkey/dp/B00SWJD5QC (last visited September 15, 2020).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

41.     All of the Defendants' representations regarding the ingredients in the Kirkland Products, and the safety of the Kirkland Products for dogs that may be sensitive or allergic to grains, are false.

42.     In fact, the Kirkland Products contain significant amounts wheat. Plaintiffs' independent analysis of the ingredients of the Kirkland Products found that the Kirkland Products contain material amounts of wheat using the industry standard Q-PCR method of DNA testing. By any scientific standard, the wheat found within the Kirkland Products is greater than trace. The inclusion of wheat in a product labeled as "grain free" is material to Plaintiffs, the Class, and to reasonable consumers.

**D.     Defendants' Omissions  and Misrepresentations are Material to Reasonable Consumers.**

43.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes, and inspection quality, dog owners often choose to purchase products that have limited ingredients—like wheat here—because certain dog breeds have allergies associated with dog foods that contain these ingredients or because the owners understand that certain ingredients help—or hamper—their pets' health, weight, and overall well-being.

44.     When pet owners buy limited ingredient dog food, they usually do so to prevent a health issue or address a nutritional deficiency that their dog may be experiencing. And consumers generally must pay a premium price for these specialized pet food formulations.

45.     Accordingly, Plaintiffs and Class Members purchased the Kirkland Products spending additional money for the premium food and its promises, instead of cheaper dog food alternatives that are known to contain wheat.

46.     Defendants' misrepresentations and omissions about the formulation of the Kirkland Products drive consumers' purchases.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V.  CLASS ACTION ALLEGATIONS

### A.    Class Definitions.

47.    Plaintiffs bring this action on behalf of themselves and the members of the following class:

> All persons residing in the United States and its territories who, from November 3, 2016 to the present, purchased the Kirkland Products primarily for personal, family, or household purposes, and not for resale.

48.    In addition, or alternatively, Plaintiff Bradley Shaw brings this action on behalf of himself and the members of the following subclass ("Washington Subclass"):

> All persons residing in Washington who, from November 3, 2016 to the present, purchased the Kirkland Products primarily for personal, family, or household purposes, and not for resale.

49.    In addition, or alternatively, Plaintiff Thomas McCarthy brings this action on behalf of himself and the members of the following subclass ("New York Subclass"):

> All persons residing in New York who, from November 3, 2016 to the present, purchased the Kirkland Products primarily for personal, family, or household purposes, and not for resale.

50.    Specifically excluded from this definition are: (1) Defendants and any entity in which any Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

51.    Plaintiffs reserve the right to amend the Class definition and Subclass definitions as necessary.

52.    As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and any of the Subclasses, including Plaintiffs.

53.    Plaintiffs seek only damages and equitable relief on behalf of themselves and the Class Members. Plaintiffs disclaim any intent or right to seek any recovery in this action for

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 12

1  personal injuries, wrongful death, or emotional distress suffered by Plaintiffs and/or the Class

2  Members.

3       54.   <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can

4  only be ascertained through appropriate discovery, the number is great enough such that

5  joinder is impracticable. The disposition of the claims of these Class Members in a single action

6  will provide substantial benefits to all parties and to the Court.

7       55.   <u>Typicality</u>: The claims of the representative Plaintiffs are typical in that Plaintiffs,

8  like all Class Members, purchased the Kirkland Products that were manufactured and

9  distributed by Defendants. Plaintiffs, like all Class Members, have been damaged by

10  Defendants' misconduct in that, *inter alia*, they have incurred or will continue to incur damage

11  due to purchasing a product at a premium price that contained ingredients (wheat) that

12  Defendants omitted from the Kirkland Products. Furthermore, the factual bases of Defendants'

13  misconduct are common to all Class Members and represent a common thread of fraudulent,

14  deliberate, and negligent misconduct resulting in injury to all Class Members.

15       56.   <u>Commonality</u>: There are numerous questions of law and fact common to

16  Plaintiffs and Class Members that predominate over any individual questions. These common

17  legal and factual issues include the following:

18          a.   Whether the Kirkland Products contain wheat;

19          b.   Whether Defendants failed to disclose that their products are not grain

20              free;

21          c.   Whether Defendants' omissions are material to a reasonable consumer;

22          d.   Whether Defendants expressly warranted that the Kirkland Products

23              would conform to the representations made on their packaging that the
            Kirkland Products are grain free;

24          e.   Whether Defendants impliedly warranted that the Kirkland Products

25              would conform to the representations that they are limited ingredient
            products that would pass without objection in the trade under this

26              description and are fit for the ordinary purposes for which such goods are
            sold;

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

f.    Whether Defendants breached their warranties by making the representations above;

g.    Whether Defendants were unjustly enriched by making the representations and omissions above;

h.    Whether Defendants' actions as described above violated state consumer protection laws as alleged herein;

i.    Whether Defendants should be required to make restitution, disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above described practices.

57.    <u>Adequate Representation</u>: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

58.    <u>Predominance and Superiority</u>: Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

59.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**COUNT 1**

**BREACH OF EXPRESS WARRANTY**

60.     Plaintiffs brings this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeats and re-alleges all previous paragraphs, as if fully included herein.

61.     Defendants marketed, sold, and/or distributed the Kirkland Products, and Plaintiffs and Class Members purchased the Kirkland Products.

62.     Defendants represented in their marketing, advertising, and promotion of the Kirkland Products that their product was "Grain Free." Defendants made these representations to induce Plaintiffs and Class Members to purchase the Kirkland Products, which did in fact induce Plaintiffs and other Class Members to purchase this product.

63.     Consumers like Plaintiffs and Class Members who pay a premium for Limited Ingredient dog foods base their purchasing decision based on what the marketing, advertising, and promotion says about the ingredients in the dog food.

64.     Accordingly, Defendants' representations that the Kirkland Products are grain free became part of the basis of the bargain between Defendants and Plaintiffs and other Class Members.

65.     The Kirkland Products did not conform to Defendants' representations and warranties regarding "Grain Free" because at all relevant times the bags of the Kirkland Products contained these ingredients.

66.     As a direct and proximate result of Defendants' breaches of their express warranties and their failure to conform to the Kirkland Products' express representations, Plaintiffs and members of the Class have been damaged. Plaintiffs and Class Members have suffered damages in that they did not receive the product they specifically paid for and that Defendants warranted it to be. In addition, Plaintiffs and Class Members paid a premium for a product that did not conform to the Defendants' warranties.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

67.     As of the date of this filing, Plaintiffs mailed a letter to Defendants outlining Defendants' conduct that is a breach of the express warranty of the Kirkland Products as described throughout this complaint.

### COUNT 2
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

68.     Plaintiffs bring this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeat and re-allege all previous paragraphs, as if fully included herein.

69.     Defendants marketed, sold, and/or distributed the Kirkland Products, and Plaintiffs and other Class Members purchased the Kirkland Products.

70.     Plaintiffs bring this claim for breach of the Uniform Commercial Code's implied warranty of merchantability on behalf of themselves and other consumers who purchased the Kirkland Products as a limited ingredient dog food product for their pets.

71.      The Defendants are merchants as defined by applicable UCC provisions.

72.     The Defendants have breached the implied warranties of merchantability that they made to Plaintiffs and the prospective class. For example, Defendants impliedly warranted that the Kirkland Products were free from defects, that they were merchantable, and that they were fit for the ordinary purpose for which limited ingredient dog foods are used.

73.     When sold by Defendants, the Kirkland Products were not merchantable, were not grain free, were not of adequate quality within that description, were not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label.

74.     On or about September 28, 2020, Plaintiffs gave notice to Defendants that the product was not fit for such purpose and/or was not otherwise merchantable as set forth above. Plaintiffs will seek to amend their complaint after notice and Defendants' response to amend this allegation.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

75.     As a direct result of the Kirkland Products being unfit for their intended purpose as a grain free food product and/or otherwise not merchantable, Plaintiffs and class members were damaged and are entitled to remedies

76.     Because of the defects in the Kirkland Products product as described herein, the value of the Kirkland Products as warranted is greater than actual value of the Kirkland Products. Plaintiffs would not have purchased the Kirkland Products on the same terms, had they known that the Kirkland Products in fact contained wheat. Plaintiffs paid a price premium for the Kirkland Products based on Defendants' misrepresentations. Damages, which may be measured pursuant to the damages provisions of Article 2 of the UCC, are warranted to Plaintiffs and members of the proposed Class.

77.     As a direct and proximate result of Defendants' breach of the warranties of merchantability, Plaintiffs and the other class members have been damaged in an amount to be proven at trial.

**COUNT 3**

**UNJUST ENRICHMENT**

78.     Plaintiffs bring this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeat and re-allege all previous paragraphs, as if fully included herein.

79.     Plaintiffs conferred benefits on Defendants by purchasing the Kirkland Products at a premium price.

80.     Defendants had knowledge of their receipt of such benefits.

81.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of the Kirkland Products.

82.     Defendants' retaining these moneys under these circumstances is unjust and inequitable because Defendants falsely and misleadingly represented that Kirkland Products are "Grain Free" when, in fact, the Kirkland Products contain wheat.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

83.     Defendants' misrepresentations have injured Plaintiffs and Class Members because they would not have purchased (or would not have paid a price premium) for the Kirkland Products had they known the true facts regarding the Kirkland Products' ingredients.

84.     Because it is unjust and inequitable for Defendants to retain such non-gratuitous benefits conferred on them by Plaintiff and Class Members, Defendants must pay restitution to Plaintiffs and Class Members, as ordered by the Court.

**COUNT 4**

**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**
**(Wash. Rev. Code Ann. §§ 19.86.010, *et seq.*)**
**Non-Per Se Unfair Business Practices**

85.     Plaintiff Shaw brings this Count individually and on behalf of the members of the Washington Subclass against Defendants and repeats and re-alleges all previous paragraphs, as if fully included herein.

86.     As companies, Defendants are "persons" within the meaning of the WCPA, Wash. Rev. Code § 19.86010(1), and conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010(2).

87.     Plaintiff Shaw and the Washington Subclass members are "persons" within the meaning of the WCPA, Wash. Rev. Code § 19.86.010(1).

88.     The conduct described throughout this Complaint is unfair within the meaning of the Washington Consumer Protection Act, RCW 19.86.010, et seq. and includes the following:

a.     Omitting the material information that the Kirkland Products contain wheat, which if known would have caused Plaintiff Shaw and others in the market for limited ingredient foods not to purchase these foods;

b.     Describing, promising and affirming on their containers and labels that the Kirkland Products are "grain free" when they contain wheat.

89.     Defendants engaged in these unfair acts or practices in the conduct of their business.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

90.     The acts and practices described above are unfair because these acts or practices (1) have caused substantial financial injury to Plaintiff Shaw and the Washington Subclass members; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers.

91.     Defendants' unfair acts and practices impact the public interest. Defendants committed the acts and practices in the course of their everyday business; the acts and practices are part of a pattern or generalized course of business; Defendants committed the acts and practices repeatedly and continually both before and after Plaintiff Shaw and Washington Subclass members' purchase of the pet foods; there is a real and substantial potential for repetition of Defendants' conduct; and many customers are affected or likely to be affected.

92.     Plaintiff Shaw and members of the Washington Subclass were injured because: (a) they would not have purchased the Kirkland Products, or would not have purchased the Kirkland Products on the same terms, had they known that the Kirkland Products in fact contained wheat; (b) they paid a price premium for the Kirkland Products based on Defendants' false and misleading statements; and (c) the Kirkland Products did not have the characteristics and benefits promised because they contained wheat.

93.     As a result, Plaintiff Shaw and the Washington Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Kirkland Products or, alternatively, the difference in value between the Kirkland Products as advertised and the Kirkland Products as actually sold.

94.     As a direct and proximate result of Defendants' unfair acts or practices, Plaintiff Shaw and the Washington Subclass members suffered injury in fact and lost money because they paid more for the Kirkland Products than they would have had they known the truth about the product.

95.     On behalf of himself and other members of the Washington Subclass, Plaintiff Shaw seeks to enjoin Defendants' unlawful acts and practices described herein, to recover their

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**COUNT 5**

**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT**
**(Wash. Rev. Code Ann. §§ 19.86.010, *et seq.*)**
**Non-Per Se Deceptive Business Practices**

96.     Plaintiff Shaw brings this Count individually and on behalf of the members of the Washington Subclass against Defendants and repeats and re-alleges all previous paragraphs, as if fully included herein.

97.     As alleged above, Plaintiff Shaw, Washington Subclass members, and Defendants are "persons" within the meaning of the WCPA and Defendants' business constitutes "trade" or "commerce" under the WCPA.

98.     In addition to being unfair to consumers, Defendants' practices were also deceptive.

99.     Defendants engaged in deceptive acts or practices within the meaning of the Washington Consumer Protection Act, RCW 19.86.010, et seq. by the conduct described in this complaint, including:

        a.     Omitting the material information that the Kirkland Products contain wheat, which if known would have caused Plaintiff Shaw and others in the market for grain free foods not to purchase these foods;

        b.     Describing, promising and affirming on their containers and labels that the Kirkland Products are "grain free" when they contain wheat.

100.     Defendants directed these representations to consumers through their product labels and advertising.

101.     The information that Defendants concealed and misrepresented about these pet foods was material in that a reasonable consumer would not have paid a premium for grain free food if he or she had known that the food contained wheat and other unlisted ingredients.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

102.   Defendants' misrepresentations are likely to mislead a reasonable consumer acting reasonably under the circumstances.

103.   Defendants' deceptive acts and practices impact the public interest. Defendants committed the acts and practices in the course of their everyday business; the acts and practices are part of a pattern or generalized course of business; Defendants committed the acts and practices repeatedly and continually both before and after Plaintiff Shaw and Washington Subclass members' purchase of the pet foods; there is a real and substantial potential for repetition of Defendants' conduct; and many customers are affected or likely to be affected.

104.   Plaintiff Shaw and members of the Washington Subclass were injured because: (a) they would not have purchased the Kirkland Products, or would not have purchased the Kirkland Products on the same terms, had they known that the Kirkland Products in fact contained wheat; (b) they paid a price premium for the Kirkland Products based on Defendants' false and misleading statements; and (c) the Kirkland Products did not have the characteristics and benefits promised because they contained wheat.

105.   As a result, Plaintiff Shaw and the Washington Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Kirkland Products or, alternatively, the difference in value between the Kirkland Products as advertised and the Kirkland Products as actually sold.

106.   As a direct and proximate result of Defendants' unfair acts or practices, Plaintiff Shaw and the Washington Subclass members suffered injury in fact and lost money because they paid more for the Kirkland Products than they would have had they known the truth about the product.

107.   On behalf of himself and other members of the Washington Subclass, Plaintiff Shaw seeks to enjoin Defendants' unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**COUNT 6**

**VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT**
**(New York Gen. Bus. Law § 349)**

108.    Plaintiff McCarthy asserts this Count on behalf of himself and the New York Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

109.    By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that the Kirkland Products were "Grain Free" when, in fact, the Kirkland Products contained wheat.

110.    Defendants' business practice of marketing, advertising, and promoting their Kirkland Products in a misleading, inaccurate, and deceptive manner constitutes unconscionable commercial practice, deception, and misrepresentation and, accordingly, constitutes multiple, separate violations of Section 349 of the New York General Business Law.

111.    In marketing, advertising, and promoting the Kirkland Products to consumers, including Plaintiff McCarthy and members of the New York Subclass, Defendants materially misrepresented and omitted key aspects regarding the Kirkland Products throughout the United States, including the State of New York.

112.    The foregoing deceptive acts and practices were directed at consumers.

113.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, benefits, quality, and nature of the Kirkland Products to induce consumers to purchase the same, and/or to pay a premium for the product.

114.    Defendants' unconscionable commercial practices, false promises, misrepresentations, and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Plaintiff McCarthy and members of the New York Subclass, would attach importance to in making their purchasing decisions or conducting themselves regarding the purchase of the Kirkland Products.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

115.    Plaintiff McCarthy and members of the New York Subclass were injured because: (a) they would not have purchased the Kirkland Products, or would not have purchased the Kirkland Products on the same terms, had they known that the Kirkland Products in fact contained wheat; (b) they paid a price premium for the Kirkland Products based on Defendants' false and misleading statements; and (c) the Kirkland Products did not have the characteristics and benefits promised because they contained wheat. As a result, Plaintiff McCarthy and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Kirkland Products or, alternatively, the difference in value between the Kirkland Products as advertised and the Kirkland Products as actually sold.

116.    On behalf of himself and other members of the New York Subclass, Plaintiff McCarthy seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**COUNT 7**

**VIOLATION OF NEW YORK GEN. BUS. LAW § 350**

117.    Plaintiff McCarthy brings this Count individually and on behalf of the members of the New York Subclass against Defendants and repeats and re-alleges all previous paragraphs, as if fully included herein.

118.    Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way and which constitutes false advertising in violation of Section 350 of the New York General Business Law.

119.    Defendants' false, misleading, and deceptive statements and representations of fact include, but are not limited to, the representations that the Kirkland Products were "Grain Free." Defendants also directed these representations to consumers through packaging, labels and other advertising.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

120.    Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the representations the Kirkland Products were "Grain Free," were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

121.    Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the Kirkland Products are "Grain Free" have resulted in consumer injury or harm to the public interest.

122.    Plaintiff McCarthy and members of the New York Subclass were injured because: (a) they would not have purchased the Kirkland Products, or would not have purchased the Kirkland Products on the same terms, had they known that the Kirkland Products in fact contained wheat; (b) they paid a price premium for the Kirkland Products based on Defendants' false and misleading statements; and (c) the Kirkland Products did not have the characteristics and benefits promised because they contained wheat.

123.    As a result, Plaintiff McCarthy and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Kirkland Products or, alternatively, the difference in value between the Kirkland Products as advertised and the Kirkland Products as actually sold.

124.    As a result of Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the Kirkland Products were "Grain Free," Plaintiff McCarthy and members of the New York Subclass have suffered and continue to suffer economic injury.

125.    Plaintiff McCarthy and members of the New York Subclass suffered an ascertainable loss caused by Defendants' misrepresentations because they paid more for the Kirkland Products than they would have had they known the truth about the product.

126.    On behalf of himself and other members of the New York Subclass, Plaintiff McCarthy seeks to enjoin Defendants' unlawful acts and practices described herein, to recover

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   their actual damages or five hundred dollars, whichever is greater, three times actual damages,

2   and reasonable attorneys' fees.

3                                    **VI.  RELIEF DEMANDED**

4           WHEREFORE, Plaintiffs, individually and on behalf of a Class and Subclasses of all others

5   similarly situated, seek a judgment against Defendant, as follows:

6           A.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil

7   Procedure and naming Plaintiffs as Class representatives and Plaintiffs' attorneys as Class

8   Counsel;

9           B.      For an order declaring that Defendants' conduct violates the statutes referenced

10  herein;

11          C.      For an order finding in favor of Plaintiffs and the Class on all counts asserted

12  herein;

13          D.      For compensatory, statutory, and punitive damages, as applicable, in amounts

14  to be determined by the Court and/or jury;

15          E.      For prejudgment interest on all amounts awarded;

16          F.      For an order of restitution and all other forms of equitable monetary relief;

17          G.      For injunctive relief as pleaded or as the Court may deem proper; and

18          H.      For an order awarding Plaintiffs and the Class their reasonable attorneys' fees,

19  expenses and costs incurred in bringing this lawsuit.

20                                  **VII.  JURY TRIAL DEMANDED**

21          Plaintiffs demand a trial by jury on all claims so triable.

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 3rd day of November, 2020.

2                               TERRELL MARSHALL LAW GROUP PLLC

3
                                By:   /s/ Beth E. Terrell, WSBA #26759
4                                     Beth E. Terrell, WSBA #26759
5                                     Email:  bterrell@terrellmarshall.com

6                               By:   /s/ Jennifer Rust Murray, WSBA #36983
                                      Email: jmurray@terrellmarshall.com
7

8                               By:   /s/ Benjamin M. Drachler, WSBA #51021
                                      Email: bdrachler@terrellmarshall.com
9

10                              By:   /s/ Ryan Tack-Hooper, WSBA #56423
                                      Email: rtack-hooper@terrellmarshall.com
11                                    936 North 34th Street, Suite 300
                                      Seattle, Washington  98103-8869
12                                    Telephone:  (206) 816-6603
                                      Facsimile:  (206) 319-5450
13

14                                    Alex Straus*
                                      Email: alex@gregcolemanlaw.com
15                                    GREG COLEMAN LAW PC
                                      16748 McCormack Street
16                                    Los Angeles, California 91436
                                      Telephone: (310) 450-9689
17                                    Facsimile: (310) 496-3176

18
                                      Lisa A. White*
19                                    Email: lisa@gregcolemanlaw.com
20                                    Arthur Stock*
                                      Email: arthur@gregcolemanlaw.com
21                                    GREG COLEMAN LAW PC
                                      First Tennessee Plaza
22                                    800 South Gay Street, Suite 1100
                                      Knoxville, Tennessee 37929
23                                    Telephone: (865) 247-0080
                                      Facsimile: (865) 522-0049
24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Nick Suciu III*
Email: nicksuciu@bmslawyers.com
BARBAT, MANSOUR, SUCIU & TOMINA PLLC
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Telephone: (313) 303-3472

J. Hunter Bryson*
Email: hunter@whitfieldbryson.com
WHITFIELD BRYSON, LLP
641 S Street NW
Washington, DC 20001
Telephone: (919) 539-2708

*Attorneys for Plaintiffs*

*\*Pro Hac Vice Application Forthcoming*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 27